

**FILED**
NOV 0 6 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Joseph H. Smith, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | 06CV6063 |
| v. ) ) | JUDGE BUCKLO |
| Regional Adjustment Bureau, Inc., a Texas corporation, ) ) ) | MAGISTRATE JUDGE VALDEZ |
| Defendant. ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Joseph H. Smith, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that the form of Defendant's debt collection letters violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff Smith resides here, and Defendant transacts business here.

### PARTIES

3. Plaintiff, Joseph H. Smith ("Smith"), is a citizen of the State of Illinois residing in the Northern District of Illinois, from whom Defendant attempted to collect a

1

delinquent consumer debt allegedly owed to Nuvell Financial (JAX)(P).

4. Defendant, Regional Adjustment Bureau, Inc. ("RAB"), is a Texas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois, and was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. Defendant RAB sent Mr. Smith an initial form collection letter, dated May 4, 2006, demanding payment of a delinquent consumer debt allegedly owed to "Nuvell Financial (JAX)(P)." This letter was sent within one year of the date of this Complaint and is attached as Exhibit A.

6. Only 22 days later, Defendant RAB sent Mr. Smith a second form collection letter, dated May 26, 2006, demanding payment for the same alleged debt. This letter stated, in pertinent part:

> \* \* \*
>
> You have been given every opportunity to clear up this account balance. To date, no response has been made to past notices.
>
> In the event of your failure to notify this office within five (5) days it will be assumed you have no intentions of settling the account voluntarily.
>
> This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> \* \* \*

This letter was sent within one year of the date of this Complaint and is attached as Exhibit B.

2

7. The statements in Defendant's form collection letters are to be interpreted under the "unsophisticated consumer" standard. (See, Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994)).

## Violation Of § 1692g –
## Overshadowing The 30-Day Validation Notice

8. Section 1692g of the FDCPA requires that, within 5 days of Defendant RAB's first communication to a consumer, an effective validation notice must be provided, i.e., notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it. See, 15 U.S.C. § 1692g. Here, although Defendant RAB's first letter (Exhibit A) contains the notice required by § 1692g, language contained in its second letter (Exhibit B) renders that validation notice ineffective.

9. Specifically, the statements in Defendant RAB's second letter, sent on the 22nd day of the 30-day validation period, that "You have been given every opportunity to clear up this account balance," and "In the event of your failure to notify this office within five (5) days it will be assumed you have no intentions of settling the account voluntarily" -- or on the 27th day of the 30-day validation period – make it appear that the time to seek validation had expired, when, in fact, 8 days remained in the validation period. Moreover, these statements confuse the unsophisticated consumer by creating a false sense of urgency as to whether the 30-day validation period has already expired, and whether the consumer must act immediately or has the full 30 days to dispute the validity of the alleged debt. Defendant's form collection letters thus violate § 1692g of

3

the FDCPA. See, Bartlett, 128 F.3d at 501; Chauncey, 118 F.3d at 519; Avila, 84 F.3d at 226; Allen v. NCO Financial Systems, 2002 WL 1291791 (N.D. Ill. 2002).

10. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

11. Plaintiff, Joseph H. Smith, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant RAB attempted to collect delinquent consumer debts allegedly owed to "Nuvell Financial (JAX)(P)," from one year before the date of this Complaint, via the same two collection letters that are attached as Exhibits A and B, and as to whom the letters were sent within 30 days of each other. This action seeks a declaration that the form of Defendant RAB's collection letters violates the FDCPA, and asks that the Court award statutory damages as authorized by § 1692k(a)(2) of the FDCPA.

12. Defendant RAB regularly engages in debt collection using the same form letters received by Plaintiff Smith in its attempts to collect from other persons.

13. The Class consists of more than 35 persons from whom Defendant RAB attempted to collect consumer debts by sending them the same form letters it sent to Plaintiff Smith.

14. Plaintiff Smith's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4

15. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant RAB has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

16. Plaintiff Smith will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class because Defendant RAB's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Smith has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Joseph H. Smith, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Smith as Class Representative of the Class, and his attorneys as Class Counsel;

3. Declare that the form of Defendant RAB's collection letters violate the FDCPA;

4. Enter judgment in favor of Plaintiff Smith and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by

§ 1692k(a) of the FDCPA; and,

    5.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff Smith demands trial by jury.

                                    Joseph H. Smith, individually and on behalf of all others similarly situated,

                                    By: _____
                                    One of Plaintiff's Attorneys

Dated: November 6, 2006

David J. Philipps
Mary E. Philipps
Bonnie C. Dragotto
Gomolinski & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

| | |
|---|---|
| P.O. Box 2209<br>Addison, TX 75001<br>Address Service Requested | **REGIONAL ADJUSTMENT BUREAU, INC**<br>P.O. Box 2209<br>Addison, TX 75001<br>1-800-580-2455 |

May 4, 2006

PERSONAL & CONFIDENTIAL
Joseph H Smith
███████████
███████ IL ██████
IıIIııIIııııIIııııIıIIııIıIıIIııIIııIıIıIIııIIıIıIıI

**ACCOUNT IDENTIFICATION**

RE: NUVELL FINANCIAL (JAX) (P)
ACCOUNT # : ████████
RAB ACCOUNT # : ██████
BALANCE : $2096.56

This account has been listed with our office for collection. Enclose your payment in the envelope provided and make your check or money order payable to Regional Adjustment Bureau, Inc.

Should you wish to speak to a representative concerning your account you may contact this office toll free at 1-800-580-2455. Please refer to account number ██████.

Federal law requires we notify you that this is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt and or name of original creditor if different from the current creditor and mail you a copy of such verification.

Sincerely,

Regional Adjustment Bureau, Inc.
1-800-580-2455
Dallas residents call: 972-385-1098

Si necesita Ayuda para traducir O Leer esta notificacion, por favor Llamenos immediatamente para Asistirlo En Espanol.

------------------------------------------------- Detach and Return with Payment -------------------------------------------------
Enter the requested information in the spaces provided below:

If you would like to pay by credit card, please circle one of the following:

| VISA | MASTERCARD | AMERICAN EXPRESS | DISCOVER |

Card Holder: _____
Card #: _____
Expiration Date: _____
Signature: _____

NAME : Joseph H Smith
CLIENT : NUVELL FINANCIAL (JAX) (P)
ACCOUNT # : ████████
RAB # : ██████
Amount $ _____

**REGIONAL ADJUSTMENT BUREAU, INC**
P.O. Box 2209
Addison, TX 75001-2209
IIııIıIıIıIIııIIııııııIIıIıIIıIıIIııIıIIııIıIııIıIıI



EXHIBIT A

P.O. Box 2209  
Addison, TX 75001  
Forwarding Service Requested

**REGIONAL ADJUSTMENT BUREAU, INC**  
P.O. Box 2209  
Addison, TX 75001  
1-800-580-2455

May 26, 2006

PERSONAL & CONFIDENTIAL  
Joseph H Smith  
IL

**ACCOUNT IDENTIFICATION**

RE: NUVELL FINANCIAL (JAX) (P)  
ACCOUNT # :  
RAB # :  
BALANCE : $2096.56

You have been given every opportunity to clear up this account balance. To date, no response has been made to past notices.

In the event of your failure to notify this office within five (5) days it will be assumed you have no intentions of settling the account voluntarily.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Regional Adjustment Bureau, Inc.  
1-800-580-2455  
Dallas residents call: 972-385-1098

Si necesita Ayuda para traducir O Leer esta notificacion, por favor Llamenos immediatamente para Asistirlo En Espanol.

---------------------------------------------Detach and Return with Payment ---------------------------------------------  
Enter the requested information in the spaces provided below:

If you would like to pay by credit card, please circle one of the following:

    VISA          MASTERCARD          AMERICAN EXPRESS          DISCOVER

Card Holder: _____    NAME : Joseph H Smith  
Card #: _____    CLIENT : NUVELL FINANCIAL (JAX) (P)  
Expiration Date: _____    ACCOUNT # :  
Signature: _____    RAB # :  
                                                                                                                                                                      Amount $ _____

**REGIONAL ADJUSTMENT BUREAU, INC**  
P.O. Box 2209  
Addison, TX 75001-2209



EXHIBIT  
B